**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL BACKUS,

Petitioner-Appellant,

v.

STEVEN HARTLEY; THE
ATTORNEY GENERAL FOR THE
STATE OF COLORADO,

Respondents-Appellees.

No. 09-1249
(D.C. No. 1:07-CV-00135-REB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Michael O. Backus, a Colorado state prisoner proceeding pro se, appeals

the district court's denial of his 28 U.S.C. § 2254 habeas petition and request for

a certificate of appealability ("COA"). For substantially the same reasons set

forth by the district court, we deny the request for a COA and dismiss the appeal.

**I**

In 1995, Backus was jointly tried with Jill Coit, his co-defendant, in

Colorado state court on charges of first degree murder and conspiracy to commit

murder. The victim, Gerald Boggs, was Coit's ex-husband, with whom she was

embroiled in a civil suit. The defendants were convicted on all counts. On direct appeal, Backus raised six challenges to his conviction, including violation of his right to a speedy trial and trial court error in denying his motion to sever the trials. The Colorado Court of Appeals ("CCA") rejected all challenges.

After his writ of certiorari was denied, Backus sought post-conviction relief in Colorado state court, requesting a new trial on the grounds his trial counsel and appellate counsel provided ineffective assistance. Backus alleged thirteen deficiencies of trial counsel, including failure to investigate, failure to present proper grounds to support the motion for severance, and error in advising Backus not to testify at trial. He also argued appellate counsel was ineffective. The court found that Backus' allegations about his appellate counsel were without evidentiary support and that although trial counsel was ineffective in some respects, Backus had not established that this ineffectiveness caused prejudice. Backus then appealed to the CCA, but that court concluded he had not suffered prejudice due to trial counsel's errors and the rest of his claims were without merit.

In February 2007, Backus filed a federal petition for habeas corpus relief under § 2254 in the United States District Court for the District of Colorado. In his habeas petition, he raised his speedy trial, failure to sever, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel claims.

The district court concluded that Backus was not entitled to habeas corpus relief and denied him a COA. Backus now appeals.

## II

Because the district court denied Backus' habeas application and his request for a COA, he may not proceed on appeal absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Backus must make a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This requires he show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Backus seeks a COA on three of the four claims he made before the federal habeas court: (1) the trial court violated his right to a fair trial by failing to sever his trial from Coit's; (2) the trial court violated his right to a speedy trial; and (3) trial counsel was ineffective due to governmental interference, failure to investigate, and poor advice regarding Backus' right to testify at trial. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Backus is entitled to federal habeas relief only if a state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2).

When a state court has addressed a claim on the merits, a federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

First, Backus argues that the trial court violated his right to a fair trial by failing to sever his trial from Coit's. In particular, Backus argues that the trials should have been severed because he and Coit had antagonistic defenses, that evidence of the civil suit between Coit and Boggs would not have been admissible against him had he been tried separately, and that this evidence was unfairly prejudicial. On direct appeal, the CCA held that severance was not mandatory under Colorado law and that the trial court did not abuse its discretion in denying Backus' motion to sever.

A criminal defendant has a constitutional right to severance only if "there is a strong showing of prejudice caused by the joint trial." Cummings v. Evans, 161 F.3d 610, 619 (10th Cir. 2000) (quotation omitted). "Such actual prejudice is shown if the defenses are truly mutually exclusive, such that a jury could not believe the core of one defense without discounting entirely the core of the other." Fox v. Ward, 200 F.3d 1286, 1293 (10th Cir. 1998). We agree with the district court that Backus has not submitted evidence that demonstrates he suffered actual prejudice or that his and Coit's defenses were antagonistic.

Second, Backus argues that the trial court violated his right to a speedy trial. The CCA addressed Backus' speedy trial claim under Colorado Revised Statute § 18-1-405(6)(c) and Colorado Rule of Criminal Procedure 48(b)(6)(III). A federal habeas court may uphold a conviction, even if a state court does not rely on federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts [federal law]." Early v. Packer, 537 U.S. 3, 8 (2002). "A Sixth Amendment speedy trial claim is assessed by balancing: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the delay prejudiced the defendant." Jackson v. Ray, 390 F.3d 1254, 1260 (10th Cir. 2004). A delay of a trial that approaches one year is presumptively prejudicial. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992).

We agree with the district court that Backus has not established that the CCA's ruling was inconsistent with the Sixth Amendment. Although the delay stretched longer than one year, the CCA cited several factors that it determined outweighed any presumption of prejudice. The complex nature of the case – including more than 180 witnesses and extensive physical evidence – and Coit's motion to continue justified the delay. Moreover, Backus has been unable to present any evidence showing he suffered actual prejudice as a result of the delay.

Third, Backus claims ineffective assistance of counsel due to: (1) governmental interference, (2) trial counsel's failure to investigate his case

adequately, and (3) trial counsel's failure to advise Backus properly regarding his right to testify at trial.

To establish an ineffective assistance of counsel claim, Backus must demonstrate both that he was deprived of "reasonably effective assistance" and that counsel's deficient performance prejudiced his case, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Backus must overcome the presumption that counsel's decision "might be considered sound trial strategy." Id. at 689.

Backus' first argument is that the trial court improperly intimidated trial counsel by stopping his opening statement and stating that if trial counsel caused a mistrial, counsel would bear the costs. The CCA concluded that Backus was not denied his right to counsel because his attorney had completed a substantial part of his opening statement before he was stopped, counsel was given the option of continuing, counsel stated that he had not been intimidated, and the record showed that he continued to make motions after his opening statement. We agree with the district court that Backus has not pointed to any evidence that tends to establish either that he was denied reasonable effective assistance or that he was prejudiced.

Backus next claims that his trial counsel was ineffective due to counsel's failure to conduct a reasonable investigation. Specifically, Backus argues that

counsel failed to investigate properly Coit's history and that, had he done so, he would have recognized possible antagonistic defenses that would have caused their trials to be severed. In its denial of post-conviction relief, the CCA held that "[c]ontrary to [Backus'] claim of lack of investigation, [his counsel] repeatedly relied on Coit's negative background in his motions and arguments regarding severance," and that Backus chose and insisted on the defense used at trial, despite advice to the contrary. It further concluded that Backus was unable to demonstrate prejudice. We agree with the district court that Backus has neither presented plausible evidence that trial counsel failed to investigate nor demonstrated that he was prejudiced. The CCA therefore did not unreasonably apply Strickland, and Backus is not entitled to habeas relief on this claim.

Backus then argues that his counsel was constitutionally defective because he gave Backus incorrect advice that caused him to waive his right to testify in his own defense. A waiver of the right to testify in one's own defense must be voluntary, knowing, and intelligent. Harvey v. Shillinger, 76 F.3d 1528, 1536 (10th Cir. 1996). In its order on post-conviction relief, the Colorado state court determined that Backus' claim was without merit because his decision not to testify was indeed a "free and voluntary choice." Pursuant to § 2254(e)(1), we presume this factual finding to be correct; Backus bears the burden of rebutting that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Backus has not presented any evidence to overcome this presumption and therefore is not entitled to habeas relief.

### III

For the foregoing reasons, we **DENY** a COA, **DISMISS** the appeal, and **DENY** the motion to proceed in forma pauperis on appeal.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge